IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| TAMMY GUNNIN AND DAN AND DIANA MUELLER, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| vs. | ) ) | |
| VEOS USA, INC, | ) ) | CLASS ACTION COMPLAINT |
| Defendant. | ) ) ) ) ) ) | |

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiffs, TAMMY GUNNIN AND DAN AND DIANA MUELLER, by and through the undersigned counsel, on behalf of themselves and all others similarly situated, and for cause of action against the Defendant, respectfully allege and state as follows:

**INTRODUCTION**

1. Plaintiffs bring this class action against Veos USA, Inc., ("Defendant") for the operation of its Facility located at 1336 East Maumee St, Adrian, MI (the "Facility"). Defendant releases noxious odors onto the Plaintiffs' properties due to the Facility's construction, operation, and maintenance, causing damages through nuisance and negligence.

**THE PARTIES**

1

2. Plaintiffs, Dan and Diana Mueller, reside and at all relative times have resided at 1107 E Maple Av, City of Adrian, County of Lenawee, State of Michigan.

3. Plaintiff, Tammy Gunnin, does reside and at all relative times has resided at 614 E Maumee, City of Adrian, County of Lenawee, State of Michigan.

4. Defendant, Veos USA, Inc, and its agents have at all times relevant hereto, constructed, owned, operated and maintained the Facility, located at 1336 East Maumee St, in the City of Adrian, County of Lenawee, State of Michigan.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §1332(d)(2)(a). Jurisdiction is proper because the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Venue is proper in this Court under 28 U.S.C. 1391(b)(2), because a substantial portion of the events or omissions giving rise to Plaintiff's claims took place in this District, and because much of the property that is the subject of this action is situated in this District.

6. Plaintiffs are citizens of Michigan, and Defendant is incorporated in Delaware, and its principal address is located in Michigan.

7. Jurisdiction is proper in this Court pursuant to CAFA.

8. Independent of and in addition to original jurisdiction under CAFA, this Court has original jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1).

## FACTUAL ALLEGATIONS

9. It is Plaintiffs' informed belief that Defendant purchased the Facility on or about November 2024. The facility specializes in powdered protein- mainly blood and eggs.

10. On frequent, recurrent, and intermittent occasions, Plaintiffs' property, including the Plaintiffs' neighborhoods, residences, and yards, have been, and continue to be, physically invaded by noxious odors emitted from Defendant's Facility.

11. Odors are created by the nature of the egg drying process. The Facility's dryer exhausts through the stack in the roof.

12. Defendant has failed to employ adequate odor mitigation strategies to prevent the odors generated at its Facility from traveling offsite. This includes, without limitation:

   a. Defendant has failed to install, maintain, and operate the Facility dryer system that is adequate to capture the odors generated at its Facility;

   b. Defendant has failed to utilize adequate odor reduction practices in the receipt, and processing the eggs; and

   c. Defendant has failed to utilize adequate operational practices to minimize and/or treat odors generated at its Facility.

13. Countless residents have already communicated with the Plaintiffs' counsel regarding the impact Defendant's odors have had on their lives and their ability to use their homes.

14. The invasion of the Plaintiffs' properties by noxious odors has caused the Plaintiffs, and the Class they represent substantial harm. Multiple residents have described the odors as rotten eggs that are so noxious as to interfere with the use of their property.

15. On or about July 1, 2025, the Michigan Department of Environment, Great Lakes, and Energy ("EGLE") issued a Notice of Violation to Veos USA, Inc., citing seven (7) violations, including but not limited to the release of foul odors in violation of Rule 336.1901(b). The violations occurred on June 6, June 26, and June 27, 2025.

16. A facility similar to Defendant's that is properly operated, maintained, and/or constructed will not emit noxious odors into the surrounding residential areas.

17. Plaintiffs and the Class are a limited subset of individuals in the Class Area that includes only owners/occupants and renters of residential property who live within the Class Area and fit within the Class Definition.

18. Members of the public, including but not limited to businesses, employees, commuters, tourists, visitors, minors, customers, clients, and students, have experienced and been harmed by the fugitive noxious odors emitted from the Defendant's into public spaces; however, unlike Plaintiffs and the Class, members of the public who are outside of the Class Definition have not suffered damages of the same kind, in the form of diminished property values and/or loss of use and enjoyment of their private property.

19. Defendant intentionally, recklessly, willfully, wantonly, maliciously, grossly and/or negligently failed to properly maintain, operate, and/or construct the Facility, and caused the invasion of Plaintiff's property by noxious odors on intermittent and reoccurring dates too numerous to individually recount.

20. Defendant is vicariously liable for all damages suffered by Plaintiffs caused by Defendant's employees, representatives, and agents, who, during the course and scope of their employment, created, allowed, or failed to correct the problem(s) which caused noxious odors to physically invade Plaintiffs' property.

## CLASS ALLEGATIONS

21. The Plaintiffs incorporate by reference as if fully set forth herein each and every allegation in the Complaint.

### A. Definition of the Class

22. Plaintiffs bring this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs seek to represent a Class of persons preliminarily defined as:

> **Any and all individuals who owned or occupied residential property within 3 miles of Defendant's property boundary.**

The proposed class boundary is subject to modification as discovery progresses. Plaintiffs reserve the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

23. This case is properly maintainable as a class action pursuant to and in accordance with Fed. R. Civ. P. 23 in that:

   a. The class, which includes thousands of members, is so numerous that the joinder of all members is impracticable;

   b. There are substantial questions of law and fact common to the class, including those set forth in greater particularity herein;

   c. The claims of the representative parties are typical of the claims of the class;

   d. Questions of law and fact such as those enumerated herein, which are all common to the class, predominate over any questions of law or fact affecting only individual members of the class;

    e. A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

    f. The relief sought in this class action will effectively and efficiently provide relief to all members of the class;

    g. There are no unusual difficulties foreseen in the management of this class action; and

    h. Plaintiff, whose claims are typical of those of the Class, through his experienced counsel, will zealously and adequately represent the Class.

**B. Numerosity**

24. Based on the Census Bureau's American Community Survey 5-year period estimates data for 2023, there are in excess of 11,000 households within 3 miles of the Facility. Accordingly, the members of the Class are so numerous that joinder of all parties is clearly impracticable.

**C. Commonality**

25. Defendant has engaged in a uniform and common course of misconduct towards members of the Class, giving rise to questions of both law and fact common to all Class members, including but not limited to:

    a. Whether and how Defendant intentionally, recklessly, willfully, wantonly, maliciously, grossly and negligently failed to maintain, operate, and/or construct the Facility;

    b. Whether Defendant owed any duties to Plaintiff;

    c. Which duties Defendant owed to Plaintiff;

    d. Which steps Defendant has and has not taken in order to control its emissions through the maintenance and/or operation of its Facility;

    e. Whether and to what extent the Facility's emissions were dispersed over the class area;

    f. Whether it was reasonably foreseeable that Defendant's failure to properly maintain, operate, and/or construct the Facility would result in an invasion of Plaintiff's property interests;

    g. Whether the degree of harm suffered by Plaintiff and the class constitutes a substantial annoyance or interference with their use and enjoyment of their property; and

    h. The proper measure of damages incurred by Plaintiffs and the Class.

26. The prosecution of separate actions by or against individual members of the Class would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the Class, which could establish incompatible standards of conduct for the party opposing the Class; and (ii) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

27. Notice can be provided to members of the Class by U.S. Mail and/or publication.

**D. Typicality**

28. The claims of the named Plaintiffs are typical of the claims of all members of the Class. If brought and prosecuted individually, the claims of each Class member would require proof of many of the same material and substantive facts, utilize the same complex evidence, including expert testimony, rely upon the same legal theories, and seek the same type of relief.

29. The claims of Plaintiffs and the other Class members have a common cause, and their damages are of the same type. The claims originate from the same failure of Defendant to properly maintain, operate, and/or construct the Facility.

30. All Class members have suffered an injury, in fact, because of the invasion of their properties by noxious odors emitted by Defendant. The noxious odors emitted by Defendant interferes with their ability to use and enjoy their homes and has impacted property values.

**E. Adequacy of Representation**

31. Plaintiffs' claims are sufficiently aligned with the interests of the absent members of the Class to ensure that the Class claims will be prosecuted with diligence and care by Plaintiffs as representatives of the Class. Plaintiffs will fairly and adequately represent the interests of the Class and does not have interests adverse to the Class.

32. Plaintiffs have retained the services of counsel who are experienced in complex class action litigation, and in particular class actions stemming from invasions of private property by noxious emissions. Plaintiffs' counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiff and all absent Class members.

**F. Class Treatment Is The Superior Method of Adjudication**

33. A class action is superior to other methods of litigation and will provide a fair and efficient method for adjudication of the controversy because:

    a. Individual claims by the Class members would be impracticable as the costs of pursuit would far exceed what any one Class member has at stake;

b. Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class members are unlikely to have an interest in separately prosecuting and controlling individual actions;

c. The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

d. The proposed class action is manageable.

## CAUSE OF ACTION I
## NUISANCE

34. The Plaintiffs incorporate by reference as if fully set forth herein each and every allegation in the Complaint.

35. The noxious odors, which entered the Plaintiffs' properties, originated from the landfill maintained and operated by Defendant.

36. The noxious odors invading the Plaintiffs' properties are indecent and offensive to people with ordinary health and sensibilities and obstruct the free use of their property so as to substantially and unreasonably interfere with the comfortable enjoyment of life and property.

37. Defendant owed and continues to owe a duty to Plaintiffs to prevent and abate the unreasonable interference and invasion of the private interests of Plaintiffs and the class.

38. Defendant owed and continues to owe a duty to the public to prevent and abate the unreasonable fugitive emissions of noxious odors and gases from its premises.

39. By constructing and then failing to reasonably operate, repair, and maintain its landfill, Defendant has wrongfully, negligently, and knowingly caused an unreasonable invasion of Plaintiff's interest in the use and enjoyment of his property.

40. The nuisance is ongoing.

41. As a foreseeable, direct, and proximate result of the foregoing conduct and emissions of Defendant, Plaintiffs suffered damages to their properties as alleged herein.

42. The Plaintiffs suffered harm relating to the use and enjoyment of their lands and properties, and decreased property values.

43. Defendant's noxious emissions have caused harm to the public.

44. The injuries to the Plaintiffs' properties, and the Plaintiffs' rights therein, are separate and in addition to any harm caused by Defendant to the public at-large and/or other private individuals not within the class description.

45. The Plaintiffs did not consent to the invasion of his property by noxious odors.

46. By causing noxious odors produced and controlled by Defendant to physically invade the Plaintiffs' lands and properties, Defendant negligently, knowingly, intentionally, and recklessly, created a nuisance which substantially and unreasonably interfered with the Plaintiffs' use and enjoyment of their properties.

47. Any social utility that is provided by the Facility is clearly outweighed by the harm suffered by the Plaintiffs and the putative class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have been forced to endure substantial loss in the value of their properties.

48. Defendant's substantial and unreasonable interference with the Plaintiffs' use and enjoyment of their properties constitutes a nuisance for which Defendant is liable to the Plaintiffs for all damages arising from such nuisance, including compensatory and injunctive relief.

## CAUSES OF ACTION II AND III
## NEGLIGENCE AND GROSS NEGLIGENCE

49. The Plaintiffs incorporate by reference as if fully set forth herein each and every allegation in the Complaint.

50. Defendant owed and continues to owe a duty to the Plaintiffs to operate and maintain the Facility in a reasonable manner and to take reasonable steps to prevent and abate the emission of noxious gases and odors from the Facility.

51. Defendant breached its duty by negligently and improperly maintaining and operating the Facility, such that it has caused the invasion of noxious odors into Plaintiffs' homes, lands, and properties on occasions too numerous to mention.

52. As a direct and proximate result of Defendant's negligence and gross negligence in maintaining and operating the Facility, the Plaintiffs' properties, on occasions too numerous to mention, have been invaded by noxious odors.

53. As a further direct and proximate result of the foregoing conduct of Defendant, Plaintiffs suffered damages to their properties as alleged herein.

54. The invasion and subsequent damage suffered by the Plaintiffs were reasonably foreseeable by Defendant.

55. By failing to maintain and operate the Facility properly, Defendant failed to exercise the duty of ordinary care and diligence, which it owes to the Plaintiffs, so noxious odors would not invade the Plaintiffs' properties.

56. A properly operated and maintained Facility will not emit noxious odors into neighboring residential areas.

57. By failing to maintain and operate the Facility, Defendant negligently, knowingly, intentionally, and recklessly caused the invasion of the Plaintiffs' properties by noxious odors.

58. Defendant knowingly breached its duty to exercise ordinary care and diligence when it improperly maintained and operated the Facility and knew, or should have known, upon reasonable inspection, that such actions would cause the Plaintiffs' properties to be invaded by noxious odors.

59. As a direct and proximate result of the failure of Defendant to exercise ordinary care, the Plaintiffs' residences were invaded by noxious odors causing and constituting damage to their properties.

60. The conduct of Defendant in knowingly and recklessly allowing conditions to exist which caused noxious odors to physically invade the Plaintiffs' properties constitutes gross negligence.

61. Defendant's gross negligence was knowing, intentional, and made with a conscious indifference to the harm caused to the Plaintiffs' properties, which entitles the Plaintiffs to an award of compensatory, punitive, and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, pray for judgment as follows:

A. Certification of the proposed Class by order pursuant to Fed. R. Civ. P. 23;

B. Designation of Plaintiffs as representatives of the proposed Class and designation of their counsel as Class Counsel;

C. Judgment in favor of Plaintiffs and the Class Members and against Defendant;

D. An award, to Plaintiffs and the Class, of compensatory and exemplary damages and attorneys' fees and costs, including pre-judgment and post-judgment interest thereupon;

E.  An Order holding that entrance of the aforementioned noxious odors upon the Plaintiffs' properties constituted a nuisance;

F.  An award to Plaintiff and the Class Members of injunctive relief not inconsistent with Defendant's state and federal regulatory obligations; and

G.  Such further relief both general and specific as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues raised in this Complaint.

Respectfully submitted,
**DUBIN LAW, PLLC**

By: */s/ David R. Dubin*
DAVID R. DUBIN
2723 S. State St, Suite 150
Ann Arbor, MI 48104
(734) 821-9279

Dated: July 14, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 14, 2025.

By: /s/David R Dubin