UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY GUNNIN and
DAN and DIANA MUELLER,

      Plaintiffs,

v.

      Case No. 25-cv-12129
      Honorable Linda V. Parker

VEOS USA, INC.,

      Defendant.
_____/

## OPINION AND ORDER REQURING PLAINTIFFS TO SHOW CAUSE

On July 14, 2025, Plaintiffs filed this putative class action lawsuit against Defendant asserting state-law nuisance and negligence claims arising from Defendant's operation of a facility in Adrian, Michigan. Plaintiffs allege that the facility emits noxious odors which have invaded nearby properties and interfered with the use of those properties. Plaintiffs seek to represent a class of individuals who own or occupy residential property within three miles of the facility's boundaries. Plaintiffs premise federal subject-matter jurisdiction on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), although they also allege that diversity exists under 28 U.S.C. § 1332(a)(1).

As the party invoking federal jurisdiction, Plaintiffs bear the burden of establishing the prerequisites for jurisdiction under these statutes. *See Smith v. Nationwide Prop. &*

*Cas. Ins. Co.*, 505 F.3d 401, 404-05 (6th Cir. 2007).  Plaintiffs "must fully allege the citizenship of each party."  *Akno 1010 Mkt. Street St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022) (citing *Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) ("It . . . behooves parties to be meticulous in jurisdictional matters")).  "And because district courts have 'an independent obligation to determine whether subject-matter jurisdiction exists,' . . . they must hold litigants to this requirement."  *Id.* (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010)).

Diversity jurisdiction under § 1332(a)(1) arises "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a)(1).  Plaintiffs are Michigan citizens.  (ECF No. 1 at PageID.2 ¶ 6.)  Defendant is alleged to be incorporated in Delaware with "its principal address . . . in Michigan."  (*Id.*)  A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"  28 U.S.C. § 1332(c)(1).  Plaintiffs and Defendant, therefore, are not of diverse citizenship according to the allegations in Plaintiff's Complaint.

The CAFA confers federal subject-matter jurisdiction with respect to "a class action when (1) there is minimal diversity of citizenship between the parties; (2) the aggregate amount in controversy exceeds $5 million; and (3) the proposed class contains at least 100 members."  *Nessel ex rel. Mich. v. AmeriGas Partners, L.P.*, 954 F.3d 831,

834 (6th Cir. 2020) (citing 28 U.S.C. § 1332(d)(2)-(6); *Dart Cherokee Basin Co. v. Owens*, 574 U.S. 81, 84-85 (2014) ("Dart Cherokee")). "Minimal diversity" exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014) (quoting 28 U.S.C. § 1332(d)(2)(A)). The party invoking federal subject-matter jurisdiction under the CAFA must allege facts rendering satisfaction of the statutory requirements "plausible." *See Dart Cherokee*, 574 U.S. at 89. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice . . .." *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (quoting *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009)); *see also Faris v. Petit Pot, Inc.*, No. 23-1955, 2023 WL 6192703, at *3 (C.D. Cal. Aug. 18, 2023) ("[A] conclusory and prospective allegation that at least one unknown member of a nationwide class will result in minimal diversity is not sufficient to satisfy the pleading requirements for CAFA jurisdiction") (citation omitted); *Canseven v. Just Pups, LLC*, No. 15-5633, 2015 WL 5455869, at *4-5 (D.N.J. Sept. 16, 2015) ("Defendants' argument that there may be a member of the class who is not currently a New Jersey citizen is too speculative to create minimal diversity on its own.").

Plaintiffs' Complaint does not even contain a conclusory statement that a member of the proposed Plaintiff class is diverse from Defendant. In any event, the proposed class definition and factual allegations suggest that minimal diversity is lacking. Specifically, Plaintiffs seek to represent individuals living within three miles of

Defendant's facility. (*See* ECF No. 1 at PageID.4 ¶ 17.) The facility is located at 1336 East Maumee Street in Adrian, Michigan. (*Id.* at PageID.2 ¶ 4.) No other State is within three miles of this address.

For these reasons, it is not apparent from the face of Plaintiffs' Complaint that federal subject-matter jurisdiction exists.

Accordingly,

**IT IS ORDERED** that within fourteen (14) days of this Opinion and Order, Plaintiffs shall show cause in writing as to why this action should not be dismissed without prejudice for lack of federal court jurisdiction.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: July 16, 2025